JOHN WALSH, Respondent, *v.* NEW YORK AND QUEENS COUNTY RAILWAY COMPANY, Appellant.

*Negligence — injury to a lineman from the fall because of dry rot of a trolley pole while he was removing wires — duty of the railroad company to inspect the pole for hidden defects.*

In an action brought to recover damages for personal injuries it appeared that the defendant, an electric street railway company, was engaged in removing its cables and wires from wooden poles on one side of a city street to new iron poles on the other side thereof, and that the plaintiff was one of the linemen employed in this work; that preparatory to taking down the cables the plaintiff ascended one of the wooden poles and that after he had cut one of the wires the pole fell causing the plaintiff to sustain injuries.

The evidence showed that the pole, which was about one foot through at the point of the fracture, was deteriorated by dry rot to such an extent that it was supported only by a small portion of good material at the heart; that owing to the fact that the pole was painted nothing short of an inspection by means of tools would disclose its defective condition. The evidence also showed that it was necessary to chop down other poles in the vicinity which had presumably been erected at the same time.

*Held,* that a judgment entered upon a verdict in favor of the plaintiff should be affirmed;

That the plaintiff was not bound to exercise the highest possible degree of care or to so fasten the pole that it would be impossible for it to fall, unless the danger of proceeding otherwise was known to him or was obvious upon a reasonable inspection consistent with the discharge of his duties;

That he had a right to assume that the defendant had discharged its duty in so far as a reasonable use of his faculties did not disclose that it had not done so, and that he had a right to use such of the appliances furnished him by the defendant as appeared to be reasonably adapted to the performance of the task before him;

That, as the defect in the pole was not obvious, it was the duty of the defendant to make an effort to discover such defect by means of an inspection before asking the plaintiff to undertake the work of removing the cables and wires;

That, as the evidence tended to show that the defect in the pole, which it was the duty of the defendant to make an effort to discover, was the proximate cause of the accident, the jury were justified in finding the defendant guilty of negligence and the plaintiff free from contributory negligence;

That the fact that one of the reasons for removing the cables from wooden to iron poles was that the wooden poles were defective did not relieve the defendant from the duty of providing a reasonably safe place in which the plaintiff was to work.

GOODRICH, P. J., dissented.

APPEAL by the defendant, the New York and Queens County Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 19th day of May, 1902, upon the verdict of a jury for $3,000, and also from an order entered in said clerk's office on the 13th day of June, 1902, denying the defendant's motion for a new trial made upon the minutes.

*George F. Hickey* and *William E. Stewart,* for the appellant.

*S. S. Whitehouse,* for the respondent.

WOODWARD, J. :

The plaintiff, a servant of the defendant, brings this action to recover damages for personal injuries alleged to have been sustained through the negligence of the defendant, in that it did not provide him with a reasonably safe place in which to work. The defendant was engaged in removing its cables and wires, used in the operation of its electric street railway, from wooden poles on one side of Jackson avenue, Long Island City, to new iron poles on the other side of the avenue. The plaintiff was one of the linemen employed in this work, and, preparatory to taking down the cables, he ascended one of the wooden poles and started sawing the wire. After cutting through the wire, the pole fell, carrying the plaintiff with it, result-

ing in injuries to his ankle and back. The evidence showed that the pole, which was about one foot through at the point of breaking, was deteriorated by dry rot, so that it was supported only by a small portion of good material at the heart, though this fact, owing to the painting, was not obvious upon ordinary inspection of the surface. Other poles in the same vicinity, and presumptively set at the same time, were found to require chopping to bring them down, and it was evident from the testimony that the jury might find that nothing short of an inspection by means of tools which would develop the interior condition of the pole could discover the defective condition of the same. The jury found a verdict in favor of the plaintiff for $3,000, and the defendant appeals to this court.

The appellant urges that the proximate cause of the pole breaking was the strain upon it from the wires and cables after they had been cut, through the negligence of the plaintiff and his fellow-servants, this alleged negligence of the plaintiff and his fellow-servants consisting in a failure to use the proper appliances furnished by the defendant. Without deciding this question, it may be said that there was a conflict of evidence upon what were the proper appliances to be used, and there was evidence that the plaintiff, at the time of the accident, was proceeding in a manner used by others, and which was not shown to be improper or to involve greater danger than the method which the defendant claims should have been adopted. The real question here is whether the defendant provided a reasonably safe place in which the plaintiff was to perform his labors; whether it had discharged its duty in protecting him against dangers which were not known and obvious to him in the performance of a duty necessarily involving danger, and whether the plaintiff, in undertaking these dangerous duties, used the degree of care which it was reasonable to expect of him under the circumstances. He was not bound to exercise the highest possible degree of care; he was not bound to fasten the pole with guy ropes, braces, etc., which would make it impossible for the pole to fall, unless the danger of proceeding otherwise was known and obvious upon a reasonable inspection consistent with the discharge of his duties. He had a right to assume that the defendant had discharged its duty in so far as a reasonable use of his faculties would not disclose to the contrary, and he had a right to use such of the appliances furnished him

by the defendant as appeared to be reasonably adapted to the performance of the rude task before him. (*Jarvis* v. *Northern New York Marble Co.*, 55 App. Div. 272, 276, and authority there cited.) It was not the duty of the plaintiff to make an inspection of the pole, where the defect was not obvious; that duty the law imposes upon the master (*Jarvis* v. *Northern New York Marble Co., supra*), and if the plaintiff was injured while performing a duty imposed upon him by the master, and while in the exercise of reasonable care, he is entitled to recover. The evidence in this case shows conclusively that the pole was rotten and deteriorated, so that it was liable to fall whenever it was called upon to bear any additional strain. The defendant knew that in sending the plaintiff to the top of the pole for the purpose of removing the heavy cables and wires the pole would be subjected to additional strain, and it was the duty of the defendant to inspect the pole in order to know whether it was safe for the plaintiff to climb it. The mere fact that the plaintiff did not use all of the precautions which would have been demanded in the exercise of due care, had he known the condition of the pole, does not deprive him of the right to recover for his injuries where it appears that he used all of the precautions which were demanded under the circumstances as they appeared upon the surface, and where there was no obvious reason for believing that the pole was in a different state of preservation from those about it. Here the accident did not result from any negligence on the part of the plaintiff or of his fellow-servants, at least there was evidence from which the jury might reach this conclusion; and the proximate cause of the accident was the defect in the pole which it was the duty of the defendant to make an effort to discover by means of an inspection before asking the plaintiff to undertake the work of removing the cables and wires. (*McGuire* v. *Bell Telephone Co.*, 167 N. Y. 208.) There was evidence that the work of inspection of poles was usually undertaken by men employed for that purpose, and there is no evidence that the defendant had made any proper inspection of the pole where the plaintiff was injured, and this defect in the defense is not met by the fact that the purpose of the work, the removal of the cables from wooden to iron poles, was intended to give notice that the wooden poles were defective. This is only one of the reasons that might have operated to induce the change, and it did

not relieve the defendant from the duty of providing a reasonably safe place for the plaintiff to work.

We think the verdict for $3,000. is not excessive, and we are clearly of opinion that the learned court below did not err in refusing to dismiss the complaint at the close of defendant's case. There were questions of fact for the jury to determine, and with the result reached this court is not prepared to interfere.

The judgment and order appealed from should be affirmed, with costs.

BARTLETT, JENKS and HOOKER, JJ., concurred; GOODRICH, P. J., read for reversal.

GOODRICH, P. J. (dissenting):

I dissent. The plaintiff had been a lineman for fifteen years and was familiar with the dangers of that occupation. The accident resulted from his cutting a heavy cable without using the tackle provided for supporting the pole during such an operation. There were fellow-servants engaged in doing the work, whose duty it was to examine the condition of the pole, and if they had done this, its condition would certainly have appeared. Their failure to do so was the negligence of fellow-servants.

Judgment and order affirmed, with costs.