SMITH v. NEW YORK & QUEENS ELECTRIC LIGHT & POWER CO.

(Supreme Court, Appellate Division, Second Department. December 18, 1914.)

MASTER AND SERVANT (§ 129*)—INJURY TO SERVANT—NEGLIGENCE—EVIDENCE.
    Where a decayed pole below the point where it entered the earth did not fall for some minutes after an employé ascended it, and then only after all but one of the wires thereon had been removed, the proximate cause of an injury to the employé by the fall of the pole was its decayed condition, and not the removal of the wires, not designed to afford stability to the pole, though accidentally so doing.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 257–263; Dec. Dig. § 129.*]

Appeal from Trial Term, Queens County.

Action by George Smith against the New York & Queens Electric Light & Power Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

William Rasquin, Jr., of New York City (Almon G. Rasquin, of New York City, on the brief), for appellant.

Philip A. Brennan, of Brooklyn (Frederick S. Lyke, of Brooklyn, on the brief), for respondent.

JENKS, P. J. The judgment and order are affirmed, with costs. There is no feature of the case that justifies discussion, save the contention of the appellant that the case should be disposed of upon the authority of Mullin v. Genesee Co. El. L. P. & Gas Co., 202 N. Y. 275, 95 N. E. 689. The two cases may be discriminated. The court say in Mullin's Case that the jury could have found the casualty was due to the negligent setting of the pole and its setting in low, marshy earth, both attributable to the negligence of Mullin's fellow servants, and that, as such work was part of the construction work in which Mullin was engaged, this negligence was but a detail of Mullin and his fellows' common employment, which in process created the place, and

the rule of Citrone v. O'Rourke Engineering Const. Co., 188 N. Y. 339, 80 N. E. 1092, 19 L. R. A. (N. S.) 340, must be applied.

In the case at bar the place of work was a pole that was old, rotten, and decayed below the point where it entered the earth. Neither Smith nor his fellows, in doing the work, made the pole more old, rotten, or decayed, nor in any way directly disturbed the pole. The negligence attributed to the defendant and submitted to the jury was the omission of the duty of reasonable inspection of the pole.

It is true that from the circumstance that the pole did not fall for some minutes after Smith ascended it, and then only after all but one of the old wires had been removed, one may infer that these wires afforded some stability to all of the poles over which they extended. But they were neither used nor designed for that purpose, and the support, if any, thus afforded, was but accidental. The proximate cause of the casualty was the decayed and rotten condition of the pole. Walsh v. New York & Queens Co. Ry. Co., 80 App. Div. 316–319, 80 N. Y. Supp. 767, affirmed 178 N. Y. 588, 70 N. E. 1111.

BURR, THOMAS, and RICH, JJ, concur. CARR, J., not voting.